ARSHAK BARTOUMIAN (SBN 210370)
OMNIA LEGAL, INC.
124 W STOCKER ST STE B
GLENDALE, CA 91202
818-532-9339
818-394-6452
EMAIL: DISPUTES@OMNIALEGAL.ORG

ATTORNEY FOR PLAINTIFF

FILED
2012 MAY 11 PM 2:42
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

CV12-4123-MRP(SHx)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ASHKHEN A. ARUTYUNYAN, an individual,<br>      Plaintiff,<br>  vs.<br>AMERICAN EXPRESS CENTURION BANK, a Utah Corporation,<br>BANK OF AMERICA CORPORATION, a Delaware Corporation,<br>BARCLAYS BANK DELAWARE, a Delaware Corporation,<br>CITI FINANCIAL SERVICES LLC, a California Limited Liability Company,<br>CREDIT ONE, a Nevada Corporation,<br>GE CAPITAL FINANCIAL INC., a Utah Corporation,<br>MACY'S CORPORATE SERVICES, INC., a Delaware Corporation,<br>TARGET CORPORATE SERVICES, INC., a Minnesota Corporation,<br>VICTORIA'S SECRET STORES, LLC, a Delaware Limited Liability Company,<br>CACH LLC aka COLLECT AMERICA, a Colorado Corporation,<br>CAVALRY PORTFOLIO SERVICES, LLC, a Delaware Limited Liability Company,<br>      **Defendants.** | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES:**<br>1) VIOLATIONS OF FEDERAL FAIR CREDIT REPORTING ACT;<br>2) VIOLATIONS OF CALIFORNIA'S CONSUMER CREDIT REPORTING AGENCIES ACT;<br>3) VIOLASATIONS OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT;<br>4) VIOLATIONS OF CALIFORNIA'S ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT;<br>5) DECLARATORY RELIEF.<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR DAMAGES- 1

This action is brought by Plaintiff ASHKHEN A. ARUTYUNYAN ("Plaintiff") by and through her attorney Arshak Bartoumian against all named Defendants for violations of the Fair Credit Reporting Act [15 U.S.C. §1681 et seq.] ("FCRA") and California's Consumer Credit Reporting Agencies Act [California Civil Code §1785.2 et seq.] ("CCRAA"), and for violations of Fair Debt Collection Practices Act [15 U.S.C. §1692-1692p] ("FDCPA"), California's Rosenthal Fair Debt Collection Practices Act [California Civil Code §1788 et seq.] ("RFDCPA") against select Defendants.

**PRELIMINARY STATEMENT**

1. Congress enacted the FCRA to establish consumer rights to privacy over their credit and financial information and to ensure the "[a]ccuracy and fairness of credit reporting." FCRA provides several protections for consumers, including but not limited to the right to be notified of any negative/unfavorable information reported in their name and the right to dispute inaccurate, outdated and/or incomplete information on their credit file.

2. FCRA regulates credit reporting agencies as well as creditors, collection agencies and other parties who provide information to credit reporting agencies and/or obtain and use the consumer credit reports. FCRA Section 623, 15 U.S.C. §1681s-2, imposes obligations on furnishers of information to the credit reporting agencies. Furnishers must report accurate information, correct and update erroneous information, and provide certain notices to consumer pertaining to furnished information.

3. CCRAA was implemented to protect the credit

information of California consumers. CCRAA also regulates consumer credit reporting agencies and furnishers of information with respect to personal, credit and other financial information submitted and maintained in their credit file. CCRAA in California Civil Code §1785.25-1785.26 refrains furnishers of information from reporting information that they know or should have known was erroneous, and obligates furnishers to cease credit reporting of information disputed by consumers without notice of such dispute.

4. CCRAA provides consumers with the right to be informed of negative credit reporting and the right to dispute information in their credit reports, which they believe is incomplete and/or inaccurate. Consumers also have the right to bring civil action against violators of any provision of the CCRAA with respect to their rights and their credit, and to seek monetary damages. California Civil Code §1785.19 and §1785.31. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses [15 U.S.C. §1692(a)-(e)].

5. The FDCPA is a strict liability statute, which

COMPLAINT FOR DAMAGES- 3

provides for actual or statutory damages upon the showing of one violation. The Ninth Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated" consumer. [Baker v. G.C. Services Corp., 677 F.2d 775, 778 (9th Cir. 1982); Swanson v. Southern Oregon Credit Service, Inc. 869 F.2d 1222, 1227(9th Cir.1988)]. This objective standard "ensure[s] that the FDCPA protects all consumers, the gullible as well as the shrewd … the ignorant, the unthinking and the credulous." [Clomon v. Jackson, 988 F.2d 1314, 1318-19 (2nd Cir. 1993)].

6. To prohibit deceptive practices the FDCPA, at 15 U.S.C. §1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain per se violations of false and deceptive collection conduct. 15 U.S.C. §1692e(1)-(16).

7. To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. §1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain per se violations of harassing and abusive collection conduct. 15 U.S.C. §1692d(1)-(6). Among these per se violations prohibited by that section are: any collection activities and the placement of telephone calls without meaningful disclosure of the caller's identity [15 U.S.C. §1692d(6)]

8. The FDCPA also prohibits, at 15 U.S.C. §1692c, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of

COMPLAINT FOR DAMAGES- 4

competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, communication by a debt collector in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

9. The RFDCPA regulates collection agencies and original creditors attempting to collect debts on their own behalf. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise their responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

## I. JURISDICTION AND VENUE

10. Jurisdiction of this Court arises under 15 U.S.C. §1681p, California Civil Code §1785.33, and 28 U.S.C. §1337.

11. Supplemental jurisdiction rests upon 28 U.S.C. §1367.

12. Venue is proper in this United States District Court, Central District of California because Defendants' violations alleged below occurred in the County of Los

Angeles, State of California and within this District.

## II. PRIVATE RIGHT OF ACTION

13.  FCRA Sections 616 and 617, 15 U.S.C. §1681n and §1681o, create private right of action consumers can bring against violators of any provision of the FCRA with regards to their credit. In DiMezza v. First USA Bank, Inc., supra, the court confirmed that "[...] the plain language of [CRA Sections 616 and 617, 15 U.S.C. §1681n and §1681o] provide a private right of action for a consumer against furnishers of information who have willfully or negligently failed to perform their duties upon notice of a dispute. [...] there is a private right of action for consumers to enforce the investigation and reporting duties imposed on furnishers of information."

14.  Gorman v. MBNA America Bank, N.A., No. 06-17226 further established Private Remedy Against Furnishers by consumers and FCRA Section 1681s-2(b) triggers Defendants' furnisher's liability under this section, since Plaintiff made her initial disputes with the credit reporting agencies.

15.  Cal. Civ. Code §1785.15(f) expressly states that consumers "have a right to bring civil action against anyone […], who improperly obtains access to a file, knowingly or willfully misuses file data, or fails to correct inaccurate file data" concerning a consumer's credit report. Plaintiff has further right to action pursuant to Cal. Civ. Code §1785.31(a), which states that Plaintiff as "any consumer who suffers damages as a result of a violation of this title by any person may bring an action in a court of appropriate jurisdiction against that person to recover the following."

16.  *Sanai v. Saltz, et al.*, 2009 Cal. App. LEXIS 83

(Cal. App. 2d Dist. Jan. 26, 2009) established that consumers may replead their FCRA claims as violations of the CCRAA and that the state claims are not preempted by FCRA. In further support, courts have uniformly rejected creditors' and consumer reporting agencies' arguments that the FCRA bars state law claims. See Sehl v. Safari Motor Coaches, Inc., 2001 U.S. Dist. Lexis 12638 (U.S.D.C. N.D. Cal. 2001)(for detailed discussion); Harper v. TRW, 881F. Supp. 294 (U.S.D.C. S.D. Mich. 1995); Rule v. Ford Receivables, 36 F. Supp.2d 335 (U.S.D.C. S.D. Va. 1999); Watkins v. Trans Union, 118 F. Supp.2d 1217 (U.S.D.C. N.D. Ala. 2000); Swecker v. Trans Union, 31 F. Supp.2d 536 (U.S.D.C. E.D. Va. 1998); Saia v. Universal Card Svc., 2000 U.S.Dist.Lexis 9494, 2000 Westlaw 863979 (U.S.D.C. E.D. La. 2000); Sherron v. Private Issue by Discover, 977 F. Supp.2d 804 (U.S.D.C. N.D. Miss. 1997); Hughes v. Fidelity Bank, 709 F. Supp.2d 639 (U.S.D.C. E.D. Pa. 1989).

17. 15 U.S.C §1692k(a) states that "… any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of-."

18. Cal. Civ. Code §1788.30(a) states that "any debt collector who violates this title with respect to any debtor shall be liable to that debtor only in an individual action…"

### III. THE PARTIES

19. Plaintiff ASHKHEN A. ARUTYUNYAN is a natural person residing in Los Angeles County, State of California.

20. Plaintiff is a consumer as defined in 15 U.S.C. §1681a(c) and California Civil Code §1785.3(b).

21. Defendant AMERICAN EXPRESS ("AMEX") is a Utah

COMPLAINT FOR DAMAGES- 7

Corporation.

22. Defendant BANK OF AMERICA CORPORATION ("BOA") is a Delaware Corporation.

23. Defendant BARCLAYS BANK DELAWARE ("BARCLAYS") is a Delaware Corporation.

24. Defendant CITI FINANCIAL SERVICES LLC ("CITI") is a California Limited Liability Company.

25. Defendant CREDIT ONE ("CREDITONE") is a Nevada Corporation.

26. Defendant GE CAPITAL FINANCIAL INC. ("GECAPITAL") is a Utah Corporation.

27. Defendant MACY'S CORPORATE SERVICES, INC. ("MACYS") is a Delaware Corporation.

28. Defendant TARGET CORPORATE Services, INC. ("TARGET") is a Minnesota Corporation.

29. Defendant VICTORIA'S SECRET STORES, LLC ("VICTORIAS") is a Delaware Limited Liability Company.

30. Defendant CACH LLC aka COLLECT AMERICA ("CACH") is a Colorado Limited Liability Company.

31. Defendant Cavalry Portfolio Services, LLC ("CAVALRY") is a Delaware Limited Liability Company.

32. Defendants and each one of them is a person as defined in 15 U.S.C. §1681a (b) and California Civil Code §1785.3(j).

33. Defendants and each one of them is a furnisher of information within the meaning of 15 U.S.C. §1681-s2.

34. Defendants CACH and CAVALRY are each a debt collector as defined in 15 U.S.C. §1692a (6) and California Civil Code §1788.2(c).

35. Defendants acted through their agents, employees, directors, contractors and other authorized parties acting within the course and scope of their employment or agency and under the direct supervision and control of each respective

Defendant.

### IV.  FACTS COMMON TO ALL COUNTS

36. In or around December 2010 Plaintiff, who is not a minor, checked her credit report from the three national credit reporting agencies, Experian, Equifax and Transunion (collectively "CRAs"), and discovered multiple credit accounts reported by Defendants AMEX, BOA, BARLAYS, CITI, CREDITONE, GECAPITAL, MACYS, TARGET, and VICTORIAS in negative status. These credit accounts were unfamiliar to Plaintiff, as she did not recall ever opening them and she was never informed by the furnishers of their negative credit reporting.

37. On or about December 15, 2010 Plaintiff contacted the CRAs and disputed the unknown credit accounts reported by the Defendants identified in paragraph 36, pursuant to 15 U.S.C. §1681s-2(b). On or about December 15, 2010, following her credit bureau disputes, Plaintiff sent letters to these Defendants, in which she requested documentation substantiating the existence, ownership and accuracy of the accounts reported by each of them, otherwise their immediate and permanent deletion from her credit file.

38. Upon receipt of Plaintiff's disputes, Defendants AMEX, BOA, BARLAYS, CITI, CREDITONE, GECAPITAL, MACYS, TARGET, and VICTORIAS each continued to report the disputed accounts to the CRAs, without notice that the accounts had been disputed by Plaintiff, all throughout the investigation period and thereafter. They further failed to properly address Plaintiff's direct disputes with them and failed to provide for her requested verification for the disputed accounts.

39. Plaintiff followed up with Defendants AMEX, BOA, BARLAYS, CITI, CREDITONE, GECAPITAL, MACYS, TARGET, and

VICTORIAS and each one of them on multiple occasions, resubmitting her requests and demanding deletion of the unverified accounts due to lack of verification, but each of her correspondences went unanswered or was improperly handled and responded to.

40. In or about May 2011 Plaintiff consulted with attorneys and credit professionals and retained an agent to communicate with Defendants AMEX, BOA, BARLAYS, CITI, CREDITONE, GECAPITAL, MACYS, TARGET, and VICTORIAS on her behalf regarding her disputes. At the time, during a credit review of her updated credit records, Plaintiff also learned that Defendant CAVALRY had reported a collections account to her credit file, without prior notice of the debt or of the negative credit reporting.

41. In or around May 2011 Plaintiff contacted the CRAs with dispute of the collection account reported by CAVALRY as not hers, since she did not agree with their alleged debt. Following her submission of a credit dispute of the CAVALRY collection account, Plaintiff contacted Defendants AMEX, BOA, BARLAYS, CITI, CREDITONE, GECAPITAL, MACYS, TARGET, and VICTORIAS through her agent with a Power of Attorney and also sent in a debt validation to CAVALRY. Defendant CAVALRY failed to answer to Plaintiff's debt validation request, failed to cease collection activity and credit reporting upon receipt of Plaintiff's dispute, and failed to inform the CRAs that the account was in dispute. The remaining Defendants also failed to respond to Plaintiff or to her agent regarding her follow up correspondences.

42. Plaintiff sent multiple further follow ups to Defendants AMEX, BOA, BARLAYS, CITI, CREDITONE, GECAPITAL, MACYS, TARGET, VICTORIAS and CAVALRY, both directly from her and through her agent, but all of her correspondences proved unsuccessful in attaining Defendants' cooperation.

COMPLAINT FOR DAMAGES- 10

43. In or around November 2011 Plaintiff in a new credit update discovered yet another collection account of which she was never informed, reported by Defendant CACH. Because Plaintiff was not provided a dunning notice of debt by Defendant CACH or informed of the negative credit reporting and because she did not recognize the alleged debt, Plaintiff, immediately upon discovery, contacted the CRAs with dispute of the ownership and validity of the alleged collection account and debt.

44. Following her credit bureau dispute of the CACH collection account, Plaintiff also submitted a written dispute and validation request to CACH directly. Plaintiff's validation request was never provided for and the unverified account continued to remain on her credit file all throughout the investigation period and thereafter.

45. Regardless of Plaintiff's attempts to seek Defendants' cooperation, Defendants and each one of them continuously failed to answer back to Plaintiff with appropriate proof of investigation and verification of the information in dispute and failed to take corrective action.

46. To date Defendants continue to report the unverified accounts on Plaintiff's credit records.

47. The inaccurate accounts negatively reflect upon Plaintiff as a consumer, borrower/debtor and they negatively impact her creditworthiness and financial standing.

48. Plaintiff has suffered financial and emotional distress as a result of Defendants' violations, which include but are not limited by the following:

a. Actual damages arising from monetary losses relating to denials to new credit, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges;

COMPLAINT FOR DAMAGES- 11